IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YCB INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UCF TRADING COMPANY LIMITED, | ) | No. 09 C 7221 |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| _____ | ) | |
| | ) | |
| UCF TRADING COMPANY LIMITED, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YANTAI CMC BEARING CO., LTD., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff YCB International, Inc. ("YCB") alleged that defendant UCF Trading Company Limited ("UCF") failed to pay for $1,181,352.08 worth of bearings that UCF ordered and received from YCB. (Dkt. No. 70.) On November 13, 2012, the court granted YCB's motion for summary judgment in its favor on its breach of contract claim against UCF. (Dkt. No. 277.) UCF has also filed counterclaims and third-party claims against YCB and its parent company, Yantai CMC Bearing Co, Ltd. ("CMC"). (Dkt. No. 33.) After granting summary judgment in favor of YCB and CMC on several of those claims, only three claims remain against YCB and CMC: unjust enrichment (Count V); common law fraud (Count VI); and civil conspiracy (Count VIII). (Dkt.

1

No. 277.) Currently pending before the court are YCB and CMC's motion to amend their affirmative defenses (Dkt. No. 279), and their motion for reconsideration of the court's refusal to enter a partial judgment in favor of YCB and CMC under Federal Rule of Civil Procedure 54(b), (Dkt. No. 280).

I.   Motion to Amend

Following the court's decision on summary judgment, YCB and CMC moved to add an affirmative defense of failure to mitigate damages. (Dkt. No. 279.) Under Federal Rule of Civil Procedure 15(a)(1)(B), the court should grant leave to amend "freely" whenever "justice so requires."

YCB and CMC's motion to amend was prompted by a part of the court's decision denying summary judgment on their fraud claim against UCF. The court noted that UCF had submitted sufficient evidence to survive summary judgment on its theory that YCB and CMC caused it to lose customers because it could not find another supplier after dropping YCB as a supplier when it uncovered YCB's alleged fraud. The court then commented that UCF's "theory may be difficult to establish at trial, for of course UCF had a duty to mitigate its damages by searching for a new supplier." (Dkt. No. 278, at 17 (citation omitted).) UCF contends that YCB and CMC should not be granted leave to amend because they should have raised the affirmative defense much earlier in the case. Because the issue of mitigation of damages was not apparent until the court's summary judgment ruling, however, the court will grant CMC and YCB leave to amend. Moreover, CMC and YCB filed their motion on November 19, 2012, well before the scheduled trial date of September 30, 2013. UCF will thus not be prejudiced by the amendment. YCB and CMC's motion to amend is therefore granted.

2

II.      Motion for Reconsideration

YCB and CMC also move for reconsideration of the court's decision not to grant a partial judgment against UCF because several of UCF's counterclaims were still pending. (Dkt. No. 280.) Under Federal Rule of Civil Procedure 59(e), a motion to reconsider "will be granted only in the case of a manifest error of law or fact, or newly discovered evidence." *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010). Here, YCB and CMC assert that they have uncovered new evidence that UCF is attempting to hide assets because of the registration of a new company titled "UCF Company, Ltd." in the Bahamas that is owned by the same family as UCF and, like UCF Trading Company Limited, is also advertising bearings for sale. The mere existence of UCF Company, Ltd., however, is not enough to suggest that UCF is attempting to hide assets. CMC and YCB's motion for reconsideration is denied.

## CONCLUSION

CMC and YCB's motion to amend (Dkt. No. 279) is granted, and YCB and CMC's motion for reconsideration (Dkt. No. 280) is denied. The parties are once again encouraged to discuss settlement. The court remains available if requested by a motion for a settlement conference to assist the parties in their settlement discussions. The dates set in the 4/23/2013 scheduling order remain in effect. (Dkt. No. 309.)

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date:   July 30, 2013

3