IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YCB INTERNATIONAL, INC., ) <br> an Illinois corporation ) <br> ) <br> Judgment Creditor, ) <br> ) No. 1:09-cv-7221 <br> v. ) <br> ) Judge James Holderman <br> UCF TRADING CO., LTD., ) <br> a corporation of The Bahamas, ) <br> ) <br> Judgment Debtor. ) | |

**SCHOPF & WEISS LLP'S OPPOSITION TO
YCB'S MOTION TO OVERRULE OBJECTIONS**

YCB International, Inc. ("YCB") fails to inform the Court of two important facts that render its Motion unsustainable. *First*, Schopf & Weiss LLP ("S&W") has already provided YCB with all of the information in S&W's possession that could be relevant to enforcing a judgment against the Judgment Debtor. Last January, S&W provided a declaration explaining that its representation of the company that is now the Judgment Debtor was limited to this case and that S&W did not receive any moneys from the Judgment Debtor other than the payment of legal fees and expenses relating to this case. (Ex. A to Fisher Declr., Ex. 1 hereto.) Last April, S&W provided a copy of the retention agreement between it and the Judgment Debtor, together with another declaration describing the fees owed to S&W by the Judgment Debtor. (Ex. B to *id*.) Yet, YCB issued the current subpoena to S&W.

In response, S&W offered to provide accounting records showing any funds S&W received from, or paid to, the Judgment Debtor. (*Id*. ¶¶ 7-9; Ex. C to *id*.) S&W further offered to provide a statement that it is not aware of ever having received funds from, or provided funds

to, any of the other so-called "UCF Trading-Affiliated Persons." (*Id*. ¶ 10.) Although YCB has repeatedly refused S&W's offer (*id*. ¶11), S&W nonetheless produced to YCB accounting records showing all funds S&W received from, or paid to, the Judgment Debtor, together with a statement that S&W is not aware of ever having received funds from, or provided funds to, any of the other so-called "UCF Trading-Affiliated Persons" (*Id*. ¶¶ 12-13; Ex. E to *id.*) YCB, however, insists on a fishing expedition to supposedly investigate whether S&W is "hip-deep in schemes to defraud creditors" even though S&W is not, and has never been, a party in this case. (Mot. ¶ 11.) YCB has offered no evidence to support its defamatory allegations.

*Second*, YCB sued S&W, as well as two S&W attorneys, in Illinois state court based on the same allegations—that S&W purportedly conspired to perpetrate "shams and frauds on [the Judgment Debtor's] creditors." (YCB's Illinois State Ct. Compl., ¶¶ 51, 79, Ex. F to Fisher Declr.) YCB lost that case on the merits on June 25, 2013, when the state court dismissed YCB's complaint with prejudice as to S&W and its attorneys.[1] (Dismissal with Prej. Order, Ex. G to *id*.) YCB's appeal of the dismissal with prejudice is currently before the Illinois appellate court. The failure of YCB's lawsuit highlights YCB's lack of evidence to support discovery of anything other than the Judgment Debtor's assets. Moreover, this Court should not permit YCB to use post-judgment discovery in this federal case against the Judgment Debtor to seek discovery for a state court case against S&W that YCB has already lost at the trial level.

## ARGUMENT

### A. YCB Failed To Make The Threshold Showing For The Discovery It Seeks.

YCB must make "'a threshold showing of the necessity and relevance' of the information sought." *NML Capital, Ltd. v. Republic of Argentina*, Case No. 12-80185, 2013 WL

---

[1] Last month, one of the two attorneys, Arthur J. Howe, ended his affiliation with S&W.

655211, at *2 (N.D. Cal. Feb. 21, 2013) (denying motion to compel pursuant to subpoena served under Rule 69(a)(2)) (citing *Trustees of N. Fla. Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993)). When a judgment creditor seeks post-judgment discovery beyond simply ascertaining the judgment debtor's assets—such as investigating a purported alter ego relationship—"there must be facts before the Court to show the basis for the allegation." *Id.* at *1 (citing *Lane Crane Serv*., 148 F.R.D. at 664). Even the cases relied upon by YCB acknowledge this requirement. *FTC v. Trudeau*, No. 03 C 3904, 2013 WL 842599, *1 & *4 (N.D. Ill. Mar. 6, 2013) (finding that the government had shown "by clear and convincing evidence" that the judgment debtor had hidden his assets while "retain[ing] prestigious counsel and liv[ing] a life of luxury.") (cited in Mot. ¶¶ 8, 9, 10, 13); *Central States, Southeast & Southwest Areas Pension Fund v. GWT 2005 Inc*. No. 06-cv-1205, 2009 WL 3255246, *3 (N.D. Ill. Oct. 6, 2009) (finding judgment creditor had shown that the third party discovery had a factual basis) (cited in Mot. ¶ 6).

Here, YCB has not offered a shred of evidence to support discovery beyond identification of the Judgment Debtor's assets. Moreover, the Illinois trial court has already assessed YCB's unsupported allegations against S&W and found that they cannot, as a matter of law, state a claim. (Exs. F & G to Fisher Declr.) YCB should not be permitted discovery beyond S&W's accounting records, which S&W has already provided to YCB's counsel. Furthermore, this Court should leave the matter of YCB's baseless claims against S&W to the Illinois appellate court where YCB's appeal is pending. Indeed, the appellate court will either (a) sustain the judgment below, collaterally estopping YCB's unsupported allegations here, or (b) reverse, in which case YCB will have its day in court before the state trial court.

3

### B. YCB Overreaches On The Discovery To Which It Could Be Entitled.

Before YCB filed its Motion, S&W offered to produce its accounting records relating to the Judgment Debtor. (Ex. C to Fisher Declr.) Although YCB repeatedly refused this offer, S&W nonetheless produced the records. (Ex. G to *id*.) This information is the only discovery to which YCB could be entitled under the current facts. Rather than accept this this information—or even tell the Court of S&W's offer when presenting the facts in its Motion—YCB insists that it is entitled to explore S&W's records and documents supposedly relating to unidentified "witnesses" and concerning purported "schemes to defraud creditors." (Mot. ¶¶ 7, 11.) In support of its demand for broad ranging discovery, YCB relies almost entirely on the *Trudeau* case. That case, however, presented an extremely different situation than the one here. In *Trudeau*, the government presented overwhelming evidence that the judgment debtor had violated disclosure orders of the Court and had used secreted funds to pay his law firms. *Id.* *1, *4. The government also presented evidence that one the judgment creditor Trudeau had retained one of the law firms specifically to protect his "assets from creditors and lawsuits." *Id.* *1. Here, YCB has not even attempted to make such a showing, nor could it.

More importantly, even in the face of the government's overwhelming evidentiary showing, the *Trudeau* court's order was much more limited than what YCB seeks here. The *Trudeau* court merely ordered each of the judgment debtor's law firms to produce records "showing payment and source of payment for its legal services" from the judgment debtor and the organizations the government had established to be related entities. Here, S&W has already provided this information to YCB. (Ex. G to Fisher Declr.)

\*     \*     \*

YCB caused S&W to waste significant time and money defending itself in the Illinois State Court Case against YCB's unsupported allegations of a conspiracy to defraud the Judgment Debtor's creditors. S&W has now been forced by YCB to expend further resources responding to third party discovery in this case on the basis of the same unsupported allegations. To the extent YCB legitimately could be entitled to any post-judgment discovery from S&W, S&W has already provided it.

WHEREFORE, for the reasons stated above, Schopf & Weiss LLP respectfully requests that the Court DENY the Motion and grant S&W other further relief as is just.

Dated: November 26, 2013

                                                                      s/ Ian H. Fisher
                                                                       Schopf & Weiss LLP

Ian H. Fisher (fisher@sw.com)
General Counsel
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
312.701.9300

## **CERTIFICATE OF SERVICE**

    I, Ian H. Fisher, an attorney, certify that I caused a copy of **SCHOPF & WEISS LLP'S OPPOSITION TO YCB's MOTION TO OVERRULE OBJECTIONS** to be filed electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification of such filing to all attorneys on record in this matter, on this 26th day of November, 2013.

                   s/ Ian H. Fisher
                   Ian H. Fisher