## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| YCB INTERNATIONAL, INC., an Illinois corporation | ) ) ) | |
| Judgment Creditor, | ) ) ) | No. 1:09-cv-7221 |
| v. | ) ) | Judge James Holderman |
| UCF TRADING CO., LTD., a corporation of The Bahamas, | ) ) ) | |
| Judgment Debtor. | ) | |

## DECLARATION OF IAN H. FISHER IN SUPPORT OF
## OPPOSITION TO YCB'S MOTION TO OVERRULE OBJECTIONS

I, Ian H. Fisher, declare as follows:

1. The facts stated in this Declaration are based on my own personal knowledge, and I am competent to testify regarding them.

2. I am the General Counsel of Schopf & Weiss LLP ("S&W").

3. Petitioner YCB International, Inc. ("YCB") filed the above-captioned case against UCF Trading Company Limited ("UCF") in this Court, captioned *YCB Int'l, Inc. v. UCF Trading Co., Ltd.*, 01:09-cv-07221 (N.D. Ill.) (the "First Lawsuit"). For a period of time, S&W served as counsel to UCF in the First Lawsuit.

4. On December 3, 2012, YCB filed a second lawsuit against UCF, S&W, and two of S&W's attorneys in the 18th Judicial Circuit, DuPage County, Illinois, case number 2012 CH 00583 (the "Illinois State Court Case"). On January 4, 2013, S&W and the two attorneys removed the case to federal court. As part of the documents supporting removal, S&W filed and served on YCB a January 4, 2013 Declaration of Arthur J. Howe in which Mr. Howe declared that S&W's representation of UCF was limited to representing UCF only with respect

to the First Lawsuit. A true and correct copy of the January 4, 2013 Declaration of Arthur J. Howe is attached hereto as Exhibit A. By agreement of the parties, the Illinois State Court Case was later remanded to the 18th Judicial Circuit, DuPage County, Illinois.

5.     On November 20, 2012, S&W moved to withdraw as UCF's counsel in the First Lawsuit. The Court granted the motion to withdraw on January 10, 2013. UCF owed S&W moneys for legal fees and expenses relating to S&W's representation of UCF in the First Lawsuit and S&W asserted an attorneys' retaining lien over UCF's files.

6.     On April 2, 2013, UCF issued a third party subpoena to S&W for its files. In response, S&W filed on April 8, 2013, a Motion to Condition Compliance with Subpoena. (Dkt. # 307.) In support of its Motion to Condition Compliance with Subpoena, S&W filed and served on YCB a copy of S&W's retention agreement with UCF. (Dkt. # 307-3.) S&W also filed and served on YCB an April 8, 2013 Declaration of Arthur J. Howe in which Mr. Howe authenticated the retention agreement and identified the moneys that UCF owed to S&W for legal fees and expenses relating to S&W's representation of UCF in the First Lawsuit. (Dkt. # 307-3.) A true and correct copy of the April 8, 2013 Declaration of Arthur J. Howe is attached hereto as Exhibit B.

7.     Despite having received these documents, YCB issued a third party subpoena to S&W and S&W served objections. Before YCB filed its Motion to Overrule Objections on October 22, 2013, I offered to provide YCB with certain discovery related to UCF, which is now the Judgment Debtor. In particular, I offered on behalf of S&W to provide accounting records of all transfers to or from the Judgment Debtor.

8.     I reiterated this offer in an email to Gregory J. Bueche, counsel for YCB. A true and correct copy of my email to Mr. Bueche is attached hereto as Exhibit C. As shown therein, S&W kept this offer open to YCB.

9.     YCB rejected my outstanding offer for S&W to provide YCB with discovery related to the Judgment Debtor. (*Id.*)

10.     On behalf of S&W, I also offered to provide a statement that S&W is not aware of ever having received funds from, or provided funds to, any of the so-called "UCF Trading-Affiliated Persons" identified in the rider to YCB's subpoena.

11.     On November 11, 2013, YCB reiterated that it would not accept S&W offer of its accounting records relating to the Judgment Debtor. On November 12, 2013, I nonetheless promised to keep the offer of accounting records open. A true and correct copy of my November 12, 2013 email to Mr. Bueche is attached hereto as Exhibit D.

12.     Although YCB had refused my offers, I nonetheless caused S&W to gather and produce to YCB's counsel copies of S&W's accounting records showing all receipts of funds from, and transfers to, UCF. I also caused S&W to provide to YCB's counsel S&W's accounting record showing all expenses incurred by S&W as disbursements on behalf of UCF.

13.     A true and correct copy of my email to Mr. Bueche transmitting these documents is attached hereto as Exhibit E.

14.     In the Illinois State Court Case against, *inter alia*, S&W, YCB alleges that S&W conspired to perpetrate fraud on the Judgment Debtor's creditors. A true and correct copy of YCB's Amended Complaint in that action is attached hereto as Exhibit F.

15.     YCB lost the Illinois State Court Case on the merits. On June 25, 2013, the Illinois trial court dismissed the Amended Complaint with prejudice with respect to S&W. A

true and correct copy of June 25, 2013 Order is attached hereto as Exhibit G.  YCB appealed the

ruling.

           Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that to the best of

my knowledge the foregoing declaration is true and correct.

Executed on November 26, 2013

                            Ian H. Fisher

Ian H. Fisher (fisher@sw.com)
General Counsel
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois  60606
312.701.9300

4