IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| YCB INTERNATIONAL, INC., an Illinois corporation, | ) ) ) | |
| Judgment Creditor, | ) ) | No. 1:09-cv-7221 |
| v. | ) ) | Judge James Holderman |
| UCF TRADING CO, LTD., a corporation of The Bahamas, | ) ) ) | |
| Judgment Debtor. | ) | |
| ------------------------------------------------------- | | |
| YCB INTERNATIONAL, INC., an Illinois corporation, | ) ) ) | |
| Judgment Creditor, | ) ) | Supplemental Proceeding under FRCP 69 and 735 ILCS 5/2-1402 |
| v. | ) ) | |
| UCF COMPANY, LTD., a corporation of The Bahamas, | ) ) ) | |
| Third Party Citation Respondent. | ) | |

**MOTION FOR JUDGMENT AGAINST THIRD PARTY CITATION RESPONDENT UCF COMPANY, LTD PURSUANT TO FRCP 69 and 735 ILCS 5/2-1402 ARISING FROM ALTER EGO/SUCCESSOR LIABILITY**

Judgment Creditor YCB International, Inc. moves this Court to issue judgment against Third Party Citation Respondent UCF Company, Ltd. declaring it liable, jointly and severally, as the successor corporation/alter ego of judgment debtor UCF Trading Company, Ltd. In support, YCB states as follows:

1. This Court issued a Third Party Citation to Discover Assets to UCF Company, Ltd. Docket 332.

2. On November 5, 2013, this Court found that YCB had made a prima facie showing of service of the Third Party Citation to Discover Assets on UCF Company. Docket 336.

3. UCF Company did not appear at the examination scheduled by the Citation for November 5, 2013, has not appeared before the Court, and has not submitted itself to examination or produced the documents listed in the Citation, and is in default.

**COUNT I—UCF COMPANY IS SUCCESSOR/ALTER EGO OF JUDGMENT DEBTOR**

4. The shareholders of judgment debtor UCF Trading Company are, upon information and belief, Robert Gagnon and his wife, Louise Gagnon. The President of judgment debtor is Robert Gagnon; day to day management is by Catherine Gagnon, their daughter.

5. UCF Company's shareholders are Robert Gagnon, Louise Gagnon and Catherine Gagnon, with Robert and Louise together holding a majority of shares of UCF Company. UCF Company's president is Robert Gagnon, and management is by Catherine Gagnon.

6. UCF Company was formed January 2011, shortly after this Court denied UCF Trading's motion to dismiss for lack of subject matter jurisdiction in August 2010.

7. Presently, UCF Company has the same street address, telephone number as judgment debtor.

8. UCF Company's website is at the internet address www.ucftrading.com. Even the most basic access to UCF Company information is at an address under the judgment debtor UCF Trading name. At the subscript of the pages of the site is the address and telephone number for UCF Company, which is the same as used by judgment Debtor UCF Trading.

9. Said website in the section entitled "Who We Are" states that UCF Company has been in existence for "45 years", despite the fact that the corporation was only formed in January 2011, therefore clearly representing to the world that UCF Company and judgment debtor are the

same company.   UCF Company is actively seeking to trade on the goodwill generated by its predecessor UCF Trading:

> UCF Company Limited is a dynamic organization which has evolved and experienced considerable growth in its 45 years of existence. We are proud to be a third generation, family-owned and operated business specializing in global sourcing, manufacturing, product development, engineering, importation and distribution. We are a global company headquartered in Nassau, Bahamas, with warehouse locations throughout North America and sourcing centers located in Beijing and Shanghai, China and Seoul, Korea.

10.  In the section entitled "Why UCF?" the site states: "UCF is a customer driven organization that remains as committed to service today as it was 45 years ago."  This is further admission that UCF Company asking to be considered the same company as judgment debtor UCF Trading.

11.  The locations of warehouses listed on the website for UCF Company are the same as those for judgment creditor UCF Trading, the goods and services available from UCF Company are the same for those previously available from UCF Company.

12.  Upon information and belief, UCF Company has the same officers and employees as judgment debtor UCF Trading.

13.   In the subscript for each page of the website, there is the following: "© UCF TRADING COMPANY, LTD."

14.  UCF Company is in the same business as UCF Trading, namely, the buying of bearings, brake parts, and other machined parts from China for resale to customers in North America.

15. The purpose in forming UCF Company, giving it the addresses, telephone numbers and business of UCF Trading, and to inform customers and prospective customers that they are the same company, was to defraud creditors of UCF Trading such as YCB by removing assets and going business from UCF Trading.

16. The Illinois Supreme Court states that the above alleged facts make UCF Company liable for UCF Trading debts as a successor corporation, *Vernon v. Schuster*, 179 Ill.2d 338, 345-346, 688 N.E.2d 1172, 1175-1176 (1997)(emphasis added):

> There are four exceptions to the general rule of successor corporate nonliability….(3) where the purchaser is merely a continuation of the seller; or (4) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations.
> \*\*\*\*
> The continuation exception to the rule of successor corporate nonliability applies when the purchasing corporation is merely a continuation or reincarnation of the selling corporation. In other words, the purchasing corporation maintains the **same or similar management and ownership**, but merely wears different clothes.

17. UCF Company is the successor corporation to judgment debtor UCF Trading under exceptions 3 and 4 in the *Vernon* case. The purpose of the creation and transfer of assets to UCF Company was for UCF Trading to evade creditors, and the control of UCF Company is the same as the control of UCF Trading, see *Workforce Solutions v. Urban Services of America, Inc.*, 2012 IL App (1st) 111410 ¶86-¶89, 977 N.E.2d 267, 285-286 (1st Dist.2012)( "[a] change of shareholders is consistent with mere continuation as long as the former owners retain a controlling interest in the successor entity.").

18. In a Section 2-1402 citation proceeding, this Court is empowered to declare UCF Company to be the successor corporation or alter ego of UCF Trading, and to declare UCF Company to be jointly and severally liable for the judgment against UCF Trading. See

*Workforce Solutions v. Urban Services of America, Inc.*, 2012 IL App (1st) 111410 ¶86-¶89, 977 N.E.2d 267, 285-286 (1st Dist.2012); See also Robert G. Markoff & Christopher J. McGeehan, *Creditors' Rights in Illinois* § 2.53, at 2–48 (IICLE 2009, Supp.2011), writing on the amendments to 735 ILCS 5/2–1402(c)(3).

 19. This Court has already held that a prima facie showing of service on UCF Company was made pursuant to Supreme Court Rule 277, and UCF Company will be given notice of this petition by delivery to its registered agent and to its postal address by regular mail.

 20. YCB also prays for a specific finding that UCF Company was served with the Third Party Citation to Discover Assets by prepaid registered mail addressed to the UCF Company's registered agent, Lenox Paton Corporate Services, return receipt requested, showing to whom delivered and the date and address of delivery, and that the receipt bears a signature and a date of October 21, 2013, so that there is no issue of personal jurisdiction over UCF Company should the judgment against it have to be registered in a foreign court.

**WHEREFORE,** YCB International prays for:

(A) a judgment against UCF Company Ltd., declaring it jointly and severally liable for the judgment against UCF Trading Company, Ltd. and in favor of YCB International, Inc. in the amount of , USD$1,408,236.69 (Docket No. 327); and

(B) a specific factual finding that the Third Party Citation to Discover Assets was served on UCF Company by sending a copy by prepaid registered mail to UCF Company, Ltd. c/o Lenox Paton Corporate Services, Bayside Executive Park, West Bay & Blake, PO Box N-4875, Nassau, Bahamas, and the receipt shows a signature of addressee and a date of October 21, 2013; and

(C) any other further or additional relief the Court deems proper.

                    YCB INTERNATIONAL, INC.,
Judgment Creditor

By: /s/ Gregory J. Bueche
Gregory J. Bueche
Its Attorney

GREGORY J. BUECHE
Attorney for YCB International, Inc.
gbueche7035@wowway.com
27475 Ferry Road
Warrenville, IL  60555
630-717-2962
Attorney No. 6193425

CERTIFICATE OF SERVICE

I, Gregory J. Bueche, attorney of record for YCB International, certify that I caused the foregoing to be served on all parties appearing in this action by electronic means in accordance with the ECF and rules of the U.S. District Court for the Northern District of Illinois, on or before December 6, 2013;

And served UCF Company, Ltd by placing a copy in the US Mail, postage prepaid, addressed to UCF Company, Ltd. c/o Lenox Paton Corporate Services, Bayside Executive Park, West Bay & Blake, PO Box N-4875, Nassau, Bahamas, on or before December 6, 2013;

and served UCF Company, LTD. by placing a copy in the US Mail, postage prepaid, addressed to UCF Company, Ltd., Bahamas Financial Centre, Charlotte & Shirley Streets, N-4910, Nassau, Bahamas, on or before December 6, 2013.

/s/ Gregory J. Bueche