IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YCB INTERNATIONAL, INC., | ) | |
| | ) | |
| Judgment Creditor, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 09 C 7221 |
| UCF TRADING CO., LTD., | ) | |
| | ) | |
| Judgment Debtor. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On October 22, 2013, judgment creditor YCB International, Inc. ("YCB") filed a motion to overrule the objections of non-party Schopf & Weiss LLP ("S&W") to YCB's subpoena for documents pursuant to Fed. R. Civ. P. 69(a)(2). (Dkt. No. 333.) On December 4, 2013, YCB filed a second motion (Dkt. No. 338) asking this court to order judgment debtor UCF Trading Company, Limited ("UCF Trading") to execute an assignment of any claims UCF Trading has or may have against S&W and its attorneys, Anand Mathew ("Mathew") and Arthur Howe[1] ("Howe"), both of whom represented UCF Trading in the underlying case until this court granted their motion to withdraw as counsel for UCF Trading on January 10, 2013 (Dkt. No. 296). On December 12, 2013, YCB amended its motion for assignment of claims against S&W, Howe, and Mathew to provide an additional basis for assignment. (Dkt. No. 343.) For the reasons explained below, YCB's motions are denied.

---

[1] In October 2013, Arthur Howe ended his affiliation with S&W. (Dkt. No. 337 at 2, n.1.)

FACTUAL BACKGROUND

On September 10, 2013, this court granted a final judgment (Dkt. No. 327) in favor of YCB and against UCF Trading in the amount of $1,408,236.69. On October 1, 2013, YCB served UCF Trading and a third party, UCF Company Limited, with citations to discover assets or income not exempt from enforcement of a judgment. (Dkt. No. 332.) On November 5, 2013 this court ordered UCF Trading to produce documents responsive to the citation by December 9, 2013. (Dkt. No. 336.) As of January 3, 2013, UCF Trading had produced only a limited set of documents to YCB. (*See* Dkt. Nos. 345, 354.)

On September 16, 2013, before serving UCF Trading with a citation to discover assets, YCB subpoenaed UCF Trading's former attorneys, S&W, seeking: (i) information regarding UCF Trading's payments for legal services (Dkt. No. 333-1 ¶¶ 1-2); (ii) information regarding accounts controlled for the benefit of or on behalf of UCF Trading and its affiliates (*Id.* ¶ 3); (iii) information relating to any physical address, telephone number, email address, or other point of contact ever used by UCF Trading and a number of its principals (*Id.* ¶¶ 4); (iv) all documents relating to UCF Company Ltd. (*Id.* ¶ 5); (v) all documents relating UCF Trading's assets, products, and customers from 2009 to the present (*Id.* ¶ 5); and (vi) all documents relating to asset transfers, planned asset transfers, or plans to conceal assets (*Id.* ¶ 6). Because S&W has raised objections to the subpoena and has purportedly produced only a limited set of documents in response to the subpoena, YCB has moved to compel their compliance pursuant to Fed. R. Civ. P. 69(a)(2). (Dkt. No. 333.)

Notwithstanding S&W's allegedly insufficient document production, YCB discovered that UCF Trading paid over $437,000 to S&W for legal services rendered in connection with the

2

underlying case prior to S&W's withdrawal on January 10, 2013. (Dkt. No. 338 ¶ 4.) As a result of this discovery, YCB filed a motion asking this court, pursuant to Fed. R. Civ. P. 69 and 735 ILCS 5/2-1402(c)(5), to assign to YCB a legal malpractice claim YCB contends UCF Trading has against S&W, Howe, and Matthew. (*Id.* ¶¶ 6-8.) On December 12, 2013, YCB amended its motion for assignment of claims to include 735 ILCS 5/2-1402(c)(6) as a basis for assigning to YCB any claims UCF Trading has or may have against S&W, Howe, or Mathew. (Dkt. No. 343 ¶ 4.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 69 requires federal courts to apply "the law of the forum state" in choosing the procedures to enforce federal court judgments. *Cacok* v. *Covington*, 111 F.3d 52, 53 (7th Cir.1997). In Illinois, supplementary proceedings to enforce a judgment are governed by section 5/2–1402 of the Illinois Code of Civil Procedure. 735 ILCS 5/2–1402 (2013). Under section 5/2–1402, a judgment creditor who seeks to enforce a judgment may initiate supplementary proceedings to discover assets of the judgment debtor, and may seek an order from the court "compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." 735 ILCS 5/2–1402(a). If the court determines that the judgment has not been satisfied, it may compel the judgment debtor to assign to the judgment creditor "any chose in action" in aid of enforcement of a judgment. 735 ILCS 5/2–1402(c)(5).

Rule 69(a)(2) also states that, "in aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in these rules." Fed.R.Civ.P. 69(a)(2). The "rules" mentioned in Rule 69(a)(2) are the federal rules

governing pre-trial discovery. *Rubin* v. *Islamic Republic of Iran*, No. 03 C 9370, 2008 WL 192321, at *4 (N.D.Ill. Jan.18, 2008). Federal Rule of Civil Procedure 26(b) governs the scope of pre-trial discovery and vests the court "with broad discretion in determining the scope of discovery, which the court exercises mindful that the standard for discovery ... is 'widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts.'" *Scott* v. *Edinburg*, 101 F.Supp.2d 1017, 1021 (N.D. Ill. 2000) (quoting *Craig* v. *Exxon Corp.*, No. 97 C 8936, 1998 WL 850812, at *1 (N.D. Ill. Dec. 2, 1998)).

## ANALYSIS

I.    YCB's Motion to Compel

Ordinarily, post-judgment discovery sought from third parties is limited to information about the assets of the judgment debtor and must be balanced against the privacy interests of third party. *See* Wright & Miller 2d § 3014; *see also Blaw Knox* v. *AMR Indus., Inc.*, 130 F.R.D. 400, 403-04 (E.D. Wis. 1990) (denying third-party discovery regarding certain assets because "a judgment creditor must make a threshold showing of necessity and relevance when attempting to obtain discovery of a non-judgment debtor pursuant to Rule 69(a)"); *Cassion Corp.* v. *County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) ("the inquiry must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons. … It has also been said that third persons can only be examined about assets of the judgment debtor and cannot be required to disclose their own assets.") Moreover, "a court may limit discovery if it determines that the burden of the discovery outweighs its benefit." *In re IKB Deutsche Industriebank AG*, No. 09 C 7852, 2010 WL 1526070, *5 (N.D. Ill Apr. 8, 2010) (Darrah, J.).

To support its discovery requests, YCB relies on this court's holding in *F.T.C.* v. *Trudeau*, No. 03 C 3904, 2013 WL 842599 (N.D. Ill. Mar. 6, 2013) (Gettlemen, J.). In *Trudeau*, this court found the defendant had repeatedly violated the court's financial disclosure orders. *Id.* at *1. To rebut the defendant's purported allegations of poverty, the court permitted the FTC to subpoena the defendant's current attorneys and required his attorneys "to produce forthwith all records showing payments and source of payments received for its legal services." *Id.* at *4.

Here, S&W has already provided YCB with the retention agreement between S&W and UCF Trading (Dkt. No. 337-3 ¶ 4), accounting records showing any funds S&W received from, or paid to, UCF Trading (Dkt. 337-6), and a statement that S&W is not aware of ever having received funds from, or provided funds to, any of the other "UCF Trading-Affiliated Persons" (*Id.*). The foregoing information is all that was required by the *Trudeau* court, and is sufficient should YCB need to rebut UCF Trading's forthcoming allegation of poverty.

YCB has not provided any evidence to support discovery beyond UCF Trading's payments to S&W. Although YCB contends that S&W's objections "provide intriguing inferences that [S&W] may be hip-deep in schemes to defraud creditors," (Dkt. No. 333 ¶ 11), these are the same allegations that were recently dismissed by the Illinois state court (*See* Dkt. Nos. 337-7, 337-8). The purpose of post-judgment discovery is to obtain information about the judgment debtor's assets; it is not to seek additional discovery to support claims against non-parties which have been previously dismissed in state court.

II. <u>Motion to Assign Claims</u>

Next, YCB asks this court to assign to YCB a potential legal malpractice claim which YCB

5

contends UCF Trading has against S&W, Howe, and Mathew because the attorneys "charged over $430,000 to pursue defenses and counterclaims that any competent attorney would know were meritless." (Dkt. No. 351 at 1, n.1.) Although UCF Trading has neither asserted nor commenced a legal malpractice claim against S&W, Howe, and Mathew, and in fact released any claims it had as part of a settlement relating to unpaid fees (Dkt. No. 347-1), YCB claims it is entitled to the assignment under either 735 ILCS 5/2-1402(c)(5) or 735 ILCS 5/2-1402(c)(6), (Dkt. No. 343 ¶¶ 3-4), which state:

> When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment: . . .
>
> (5) Compel any person cited to execute an assignment of any chose in action or a conveyance of title to real or personal property or resign memberships in exchanges, clubs, or other entities in the same manner and to the same extent as a court could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of the enforcement of a judgment.
>
> (6) Authorize the judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt, forbid the transfer or other disposition of the debt until an action can be commenced and prosecuted to judgment, direct that the papers or proof in the possession or control of the debtor and necessary in the prosecution of the action be delivered to the creditor or impounded in court, and provide for the disposition of any moneys in excess of the sum required to pay the judgment creditor's judgment and costs allowed by the court.

735 ILCS 5/2-1402(c)(5)-(6) (2013). YCB also requests, pursuant to subsection (c)(6), that this court hold an evidentiary hearing to determine whether YCB can present "proof satisfactory to the court" that S&W, Howe, and Mathew are indebted to judgment debtor UCF Trading. (Dkt. No. 343 ¶ 5.)

Although section 5/2-1402 allows for the assignment of existing claims, it does not

6

authorize a court to assign legal malpractice claims that have neither been asserted nor commenced by the judgment debtor. In *Gonzalez* v. *Profile Snading Equipment, Inc.*, 776 N.E.2d 667, 694 (Ill. App. Ct. 1st Dist. 2002), the Illinois Appellate Court affirmed the trial court's refusal to compel the assignment of an unfiled, unasserted claim for legal malpractice against the judgment debtor's attorneys. *Id.* The Illinois Appellate Court held that section 5/2-1402 permits the assignment of a "chose in action," which necessarily relates to "an issue that has been the subject of litigation or, at the very least, is in the process of being litigated." *Id.* A legal malpractice claim that has neither been asserted nor commenced by the judgment debtor is a "*potential* chose in action," which the Illinois Appellate Court held is not assignable under section 5/2-1402(c)(1) or section 5/2-1402(c)(6), because "if the legislature opted to include 'potential chose' in the list of possible assets, it would have done so." *Id.* at 694-95 (emphasis original). The same reasoning applies to section 5/2-1402(c)(5), which authorizes the assignment of "chose[s] in action" but makes no mention of "*potential* choses in action." 735 ILCS 5/2-1402(c)(5). Accordingly, under *Gonzalez*, this court may not assign to YCB a *potential* legal malpractice claim which UCF Trading has or may have against S&W, Howe, and Mathew.

In its reply brief, YCB contends that it does not seek an "assignment" of claims, but merely to maintain an action for legal malpractice as UCF Trading's fiduciary, which YCB asserts is not foreclosed by the Illinois Appellate Court's decision in *Gonzalez*. (Dkt. No. 351 at 3.) YCB's purported role as fiduciary, raised for the first time in its reply, cannot save its motion for assignment of claims. First, YCB's contention that it does not seek an assignment of UCF Trading's potential malpractice claims is belied by the title of its initial motion for assignment,

7

"Motion for Order to Judgment Debtor to Assign Claims Against Attorneys . . ." (Dkt. No. 338 at 1), and the relief YCB continues to seek through its amended motion: "YCB asks this [c]ourt to order UCF Trading to execute an assignment of all its claims against [S&W], and the attorneys who were responsible for the case, [Mathew and Howe], in a form substantially similar to Exhibit A hereto . . ." (Dkt. No. 343 at ¶ 8). YCB attached as Exhibit A to its amended motion a proposed order assigning any and all claims UCF Trading has or may have against S&W, Howe, and Mathew. (Dkt. No. 343-1.) Second, YCB has provided no legal authority which would provide a basis for YCB, by acting as fiduciary rather than assignee, to circumvent Illinois law prohibiting the assignment of unfiled, unasserted legal malpractice claims. Consequently, the court declines to assign to YCB any *potential* claims for legal malpractice that UCF Trading has or may have against S&W, Howe, or Mathew.

## CONCLUSION

For the reasons set forth above, YCB's motion (Dkt. No. 333) to overrule the objections of S&W to YCB's subpoena, YCB's motion (Dkt. No. 338) for assignment of claims against attorneys, and YCB's amended motion (Dkt. No. 343) regarding claims against attorneys are denied. UCF Trading's response to YCB's motion (Dkt. No. 354) for rule to show cause and other relief, and UCF Company's response to YCB's motion (Dkt. No. 357) to overrule the objections of non-party UCF Company to YCB's subpoena for documents, are both due on February 4, 2014. YCB's replies in support of their motions are due on February 11, 2014. The court will hold an evidentiary hearing in connection with YCB's motion for rule to show cause (Dkt. No. 354) on February 18, 2014 at 2:00pm.

ENTER:

/s/ James F. Holderman
JAMES F. HOLDERMAN
District Judge, United States District Court

Date:   January 13, 2014

9